IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ECKHARD U. ALT, MD § | | |
| § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | | CASE NO. 2:04-CV-370 |
| § | | |
| MEDTRONIC, INC., a Minnesota Corp. § | | |
| § | | |
| **Defendant** § | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dr. Eckhard U. Alt ("Alt"), has filed a Motion for Leave to Amend His Preliminary Infringement Contentions (Docket No. 63). For the reasons set forth below, the Court **DENIES IN PART** and **GRANTS IN PART** Alt's motion.

**BACKGROUND**

Alt requests leave of this Court to supplement his Preliminary Infringement Contentions to assert claim 16 of U.S. Patent No. 5,014,700 ("the '4,700 patent") and to add Medtronic's EnTrust product line of cardioverter-defibrillators as accused products. Pursuant to Rule 3-1 of the Court's Patent Rules and the Court's Docket Control Order, Alt's Preliminary Infringement Contentions were due on February 28, 2005. Alt timely filed his Preliminary Infringement Contentions on that date. Alt filed this Motion for Leave to Amend His Preliminary Infringement Contentions under Patent Rule 3-7 on August 26, 2005. The *Markman* hearing in this case was held on August 31, 2005.

Alt contends that his request for leave to add claim 16 and the EnTrust product line are justified based on the fact that Medtronic did not introduce its EnTrust product line to the United

States market until June of 2005. Alt argues that the addition of claim 16 would not raise any new claim construction issues because claim 16 and claim 1, a claim already disputed by the parties, are essentially identical, aside from the fact that claim 16 is not subject to "means-plus-function" limitations under 35 U.S.C. § 112, ¶6. Alt contends that he has shown "good cause" and should be allowed to amend his Preliminary Infringement Contentions.

Medtronic argues that its introduction of the EnTrust product line to the United States market in June of 2005 does not justify the addition of claim 16 to this case. Medtronic does not object to the addition of products from the EnTrust product line as accused products in the case. However, Medtronic contends that the addition of the EnTrust product line does not present infringement issues sufficiently unique to claim 16 to support adding the claim to the case. Medtronic argues that Alt has not shown good cause to add the claim.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) requires a showing of good cause to modify dates set forth in the Court's scheduling order. Fed. R. Civ. P. 16(b) (providing in part, "a schedule [scheduling order] shall not be modified except upon a showing of good cause and by leave of the district court . . . ."). The Patent Rules are considered part of the Court's scheduling order; therefore, a party seeking relief must obtain "the Court's leave on a good cause showing to modify the Patent Rule's deadlines." *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 849 (E.D. Tex. 2004). "Patent Rule 3-7 incorporates Rule 16(b)'s good cause standard by stating 'amendment or modification of the Preliminary or Final Infringement Contentions . . . may be made only by order of the Court, which shall be entered only upon a showing of good cause.'" *Id*. (quoting P.R. 3-7). "The 'good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id*. at 850 (quoting *S*

2

*& W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  A trial court has broad discretion in allowing scheduling order modifications.  *Id*.  The Court considers four factors when determining whether to allow a scheduling order modification:  (1) the explanation for the failure to meet the deadline;  (2) the importance of the thing that would be excluded; (3) the potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice.  *Id*. (citing *S & W Enters, L.L.C.*, 315 F.3d at 535-36).

## ANALYSIS

Neither Medtronic nor the Court object to the addition of the EnTrust product line to Alt's Preliminary Infringement Contentions.  Therefore, the Court will not address this issue in detail.  The Court will direct its attention to the issue of amending Alt's Preliminary Infringement Contentions to include claim 16.

Alt's Explanation for His Failure to Meet the Deadline

Alt contends that the need to amend his Preliminary Infringement Contentions to add claim 16 is based on Medtronic's June 2005 introduction of the EnTrust product to the United States market.  According to Alt, the EnTrust product line was not amenable to suit on February 28, 2005 when he filed his Preliminary Infringement Contentions under Patent Rule 3-1 and, therefore, claim 16 could not have been alleged at that time.  Alt claims that he was not aware that the EnTrust product line was amenable to suit until his counsel received a copy of a Medtronic press release from June 30, 2005 indicating that the EnTrust product line had been  approved by the United States Federal Drug Administration on June 14, 2005.

Medtronic contests Alt's claim that the EnTrust product was not amenable to suit until June of 2005.  Medtronic claims that Alt had sufficient information to support an alleged infringement claim based on the EnTrust product line under 35 U.S.C. § 271(f).  Alt asserted § 271(f) in his

3

Original Complaint filed in October of 2004.[1] Medtronic points out that during document production Alt produced an April 28, 2004 press release indicating that Medtronic was selling the EnTrust product line overseas as early as April 2004. Accordingly, Medtronic claims that Alt had sufficient facts to support an infringement claim as to the EnTrust products and could have included both the EnTrust product line and claim 16 in its Preliminary Infringement Contentions in February of 2005.

Alt has presented some evidence that his delay in adding the EnTrust product line to the case was reasonable. Alt has not shown that his delay in adding claim 16 is reasonable based on the EnTrust product line's recent introduction to the United States market. As discussed below, the addition of the EnTrust product line does not necessitate the addition of claim 16. Furthermore, Alt has not provided any reason for his delay in asserting claim 16 against already-accused products in the case.

The Importance of Claim 16

Alt argues that the EnTrust product line raises infringement issues unique to claim 16 that support the addition of the claim to the case. Alt's argument is not persuasive. The only infringement issue related to claim 16 that Alt raises is based on his contention that the EnTrust product line contains new features that "may be relevant to the 'incrementally adjusting' limitation in claim 16 depending on the Court's *Markman* ruling." The "incrementally adjusting" limitation also appears in claim 1 and was disputed by the parties during the *Markman* hearing. Therefore, the only claim language that Alt points to in claim 16 to support the addition of claim 16 is a claim term that is also found in disputed claim 1 of the '4,700 patent. Accordingly, Alt can assert his infringement issues related to the EnTrust product line against claim 1, which is already in the case

---

[1] 35 U.S.C. § 271(f) provides a cause of action for patent infringement based on the alleged infringer supplying component parts of a patentable invention from the United States for assembly abroad.

and has been briefed and argued by the parties. Alt has not demonstrated infringement issues related to the EnTrust product line that are unique to claim 16. Therefore, the addition of claim 16 is not important to the case.

The Potential Prejudice in Allowing Claim 16

Unless a patent indicates otherwise, a court cannot give the same claim term a different meaning in various claims of the same patent. *Ga.-Pac. Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1331 (Fed. Cir. 1999). There is no support from either party that the '4,700 patent indicates that claim terms common to both claim 1 and 16 should be given a different meaning. Claim 16 and claim 1 are almost identical except for the fact that claim 16 would not likely be construed under 35 U.S.C. §112, ¶ 6. The parties have already briefed and argued the disputed terms in claim 1, and the Court is in the process of construing the claims. The parties agree claim 1 should be construed under 35 U.S.C. §112, ¶ 6. Medtronic claims that in its Markman briefing it put more emphasis on the construction of the corresponding structure to claim 1 than the functional language common to both claims 1 and 16. The Court is cognizant of the fact that when claim limitations are construed under 35 U.S.C. §112, ¶ 6 parties tend to place more emphasis on the corresponding structure than the functional language of the term. Consequently, the Court is persuaded by Medtronic's argument that it's *Markman* briefing and arguments would have focused more on the functionality language that appears in both claims 1 and 16 if the same terms in claim 16 were being construed as well.

Medtronic will likely suffer prejudice if claim 16 were added to the case at this point, after claim 1 has been briefed and argued without consideration of the similar terms in claim 16. Furthermore, Alt admits that if claim 16 were added to the case he would possibly assert the claim against some or all of the previously accused products, depending on the Court's claim construction ruling and additional discovery performed by Alt. The possibility that Alt could assert claim 16

5

against other previously accused products, other than the EnTrust product line, magnifies any potential prejudice Medtronic might suffer if claim 16 were added to the case.

Availability of a Continuance to Cure Such Prejudice

A continuance would not cure any potential prejudice that Medtronic might suffer if claim 16 were added to the case. Considering that the claim construction briefing and the *Markman* Hearing have already concluded, a continuance is not likely to remedy any potential prejudice that Medtronic might suffer.

## CONCLUSION

Alt has not met the good cause standard required to amend his Preliminary Infringement Contentions to add claim 16 of the '4,700 patent. Accordingly, the Court **DENIES IN PART** Alt's Motion for Leave to Amend His Preliminary Infringement Contentions. However, the Court **GRANTS IN PART** Alt's Motion for Leave to Amend His Preliminary Infringement Contentions as to the addition of the EnTrust product line.

**So ORDERED and SIGNED this 28th day of October, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**